UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDAL L. RAPH,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>JEFFERY UTTECHT,<br><br>　　　　　　　Respondent. | NO: 2:16-CV-0351-TOR<br><br>ORDER DISMISSING HABEAS PETITION AS TIME-BARRED |

BEFORE THE COURT is Petitioner's *pro se* Response, ECF No. 9, to this Court's second Order to show cause why his habeas petition should not be dismissed as time barred under 28 U.S.C. § 2244(d), ECF No. 8. Petitioner, a prisoner at the Coyote Ridge Corrections Center, has paid the $5.00 filing fee to commence this action, ECF No. 3. Respondent has not been served.

Petitioner contends that because his submissions were deemed timely and considered by the state courts, this Court should also consider his habeas petition timely. However, this Court is bound by the time limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

ORDER DISMISSING HABEAS PETITION AS TIME-BARRED ~ 1

§ 2244(d).

Once again, an inmate must seek federal habeas relief within one year after direct appellate review in the state courts concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A).  In Petitioner's case, the time for seeking direct appellate review expired on November 8, 2012, as expressed in the mandate issued by the Washington State Court of Appeals, Division III.  ECF No. 3-6 at 23.

Having failed to show one of the other three bases to delay the running of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D), the federal statute of limitations began to run on November 9, 2012, and expired on November 9, 2013, *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  While the federal limitations period could have been tolled by a properly filed personal restraint petition, Petitioner has now affirmed that he filed no such petition until December 9, 2013, ECF No. 9 at 3 and 4.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

A petitioner's misunderstanding regarding the inter-relation of state and federal statutes of limitations is not a sufficient basis to equitably toll the running of the federal limitations period. *See Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Therefore, for the reasons set forth above and as set forth in the Court's previous

1  Orders, ECF Nos. 6 and 8, **IT IS ORDERED** the habeas petition, ECF Nos. 1 and

2  3, is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

3       **IT IS SO ORDERED**. The Clerk of Court shall file this Order and enter

4  **Judgment** in favor of Respondent. The Court certifies that there is no basis upon

5  which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P.

6  22(b).  The file shall be **CLOSED**.

7       **DATED** January 30, 2017.



                THOMAS O. RICE
     Chief United States District Judge

ORDER DISMISSING HABEAS PETITION AS TIME-BARRED ~ 3